# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 08-743V
Filed: January 12, 2016

**FILED**
**JAN 12 2016**
OSM
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| RICHARD WILLIAMS-O'BANION, | |
| Petitioner, | Special Master Hamilton-Fieldman |
| v. | Former Attorneys' Fees and Costs; Reasonable Amount Requested to which Respondent Does Not Object. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Richard Williams-O'Banion, *Pro se*.
Lara A. Englund, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On October 20, 2008, Richard Williams-O'Banion ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza ("flu") vaccine administered on October 28, 2005, caused him to suffer from neurological injuries. Petition, dated October 17, 2008, at 1.

Petitioner was represented by counsel, Mr. Ronald C. Homer, when he initially filed his petition. *See generally* Petition. Mr. Homer represented Petitioner for several months, before he filed a Motion to Withdraw on July 31, 2009. Motion, dated July 31, 2009. The Motion was

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter Vaccine Act or the Act). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

granted on September 7, 2010. Order, dated September 7, 2010. Petitioner did not retain another attorney and proceeded *Pro se* throughout the remaining duration of his case.

On July 25, 2014, the undersigned issued a decision dismissing this case for insufficient proof of causation. Decision, dated July 25, 2014. Judgment on the dismissal decision was entered on August 29, 2014. Judgment, dated August 29, 2014. On January 5, 2015, Mr. Homer filed a Motion for Leave to file an application for Attorneys' Fees and Costs ("Motion for Leave"). Motion, dated January 5, 2015. The Motion for Leave was necessary because, according to Mr. Homer, Petitioner refused to allow Mr. Homer to "become the attorney of record" for the purpose of filing a motion for attorneys' fees and costs. Motion for Leave, at 3. On January 26, 2015, Respondent filed her Response to Petitioner's Motion for Leave ("Respondent's Response"), arguing that Mr. Homer did not have standing to file his motion for attorneys' fees and costs, and that there was no reasonable basis for filing the petition. Respondent's Response, at 2-3. Finally, on February 18, 2015, Mr. Homer filed his Reply to Respondent's Response ("Former Counsel's Reply"). On October 29, 2015, the undersigned issued an Order, in which she determined that Petitioner's former counsel has standing to file for attorneys' fees and costs, and she granted his Motion for Leave. Order, dated October 29, 2015.

On November 23, 2015, in compliance with General Order #9, the undersigned granted Petitioner "an opportunity to request reimbursement for any documented claim-related costs he personally incurred during the period he was represented by Mr. Homer." Order, dated November 23, 2015. The undersigned stated that "[a]ny requests for costs submitted after [Wednesday, December 16, 2015] will not be considered for reimbursement." *Id.* To date, the Court has received no correspondence from Petitioner and no requests for reimbursement.

After the undersigned granted Petitioner's former counsel's Motion for Leave, Respondent filed a Stipulation of Facts Concerning Attorneys' Fees and Costs, in which Petitioner's former counsel and Respondent agree to the amount of fees and costs to be awarded to Mr. Homer. Stipulation, dated November 19, 2015. Pursuant to their Stipulation, Petitioner's former counsel and Respondent have agreed to an award of $12,000.00 in attorneys' fees and costs. As noted above, Petitioner was given additional time to request reimbursement for out-of-pocket litigation costs in pursuit of his claim; however, he did not submit a request for reimbursement.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $12,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, Ronald C. Homer, at Conway Homer & Chin-Caplan, P.C., 16 Shawmut Street, Boston, MA 02116.**

The Clerk of Court is instructed to provide a copy of this Decision to Mr. Ronald Homer, 16 Shawmut Street, Boston, MA 02116.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.